# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00233-CR

**Larry Phillips, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-06-200770, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Larry Phillips guilty of third-offense felony theft, for which it assessed a term of twenty-one months in state jail and a $1,500 fine. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2006). In a single point of error, appellant contends that the district court did not have jurisdiction because the indictment did not allege a felony offense. There is no merit to this contention.

A person commits a state jail felony if he steals property worth $1,500 or more or if he steals property worth less than $1,500 and has at least two previous theft offenses. *Id.* § 31.03(e)(4)(A), (D). The indictment in this cause alleged that appellant stole a wristwatch having a value of less than $50 and that he had the requisite previous theft convictions. Appellant's

argument, first advanced in a motion to quash the indictment, is that because the stolen watch was alleged to be worth less than $50, the indictment alleged only a misdemeanor. *See id.* § 31.03(e)(1)(A).

When presented with this argument at the hearing on the motion to quash, the district court replied, "[B]y saying the value of the property was $50 or less, they are saying that it is less than 1,500 right?" The court added, "I mean, when they say 50 or less, I can take judicial knowledge of the fact that that is less than 1,500, right?" The court concluded, "[I]t does seem to me they are alleging that it is less than 1,500. And then that coupled with the two prior theft allegations—theft convictions I think does raise that up to a state jail felony."

We agree with the trial court's analysis. By alleging that the stolen property was worth less than $50, the indictment necessarily alleged that the stolen property was worth less than $1,500. With the further allegation of two previous theft convictions, the indictment adequately alleged third-offense felony theft under section 31.03(e)(4)(D). The point of error is overruled.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: March 13, 2007

Do Not Publish

2